## AMERICAN ASBESTOS PRODUCTS CO v HENDRICKS

Ohio Appeals, 6th Dist, Wood Co

No 438. Decided Dec 24, 1928

Earl D Bloom, Bowling Green, for Products Co.

S W Bowman, Bowling Green, for Hendricks.

WILLIAMS, J

We think it was erroneous for the trial court to admit evidence tending to show that the agent, before the execution of the contract, made oral statements to the effect that the paint would come ready and in condition to apply to the roof. The contract was one which could not be varied or contradicted by parol evidence.

We think it was competent, however, for the defendant to show if he could, that the written order was changed after execution, without defendant's authority, by placing the figure "2" before the fraction "½", so as to make the contract, in so far as it related to the goods ordered, read "2½ barrels Green Texkote" instead of "½ barrel Green Texkote."

The trial judge charged the jury upon the law relating to the question of acceptance, but it appears that he did not charge that the buyer would be deemed to have accepted the goods when, after the lapse of a reasonable time, he retains them without intimating to the seller that he has rejected them. **Section 8428, General Code.** It appears from the evidence that a considerable length of time elapsed before any notice of refusal to accept the goods was given by the buyer to the seller, and it further appears therefrom that although the buyer undertook to ship the goods back to the seller, in the first instance, the shipment was erroneously made to some one else. The jury should have been charged on this phase of the case.

On the question of acceptance, we think the verdict is manifestly against the weight of the evidence.

The errors referred to were prejudicial to the plaintiff in error and therefore require a reversal of this judgment.

Richards and Lloyd, JJ, concur.